**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**HOWARD LITTELL,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　**Case No. 8:03-cv-2539-T-17TBM**

**JOHNNIE B. BYRD, JR., et al.,**

      **Defendants.**
_____/

**O R D E R**

THIS MATTER is before the court on **Defendants', Janet Stuart and Gray Robinson, P.A., Motion to Determine Sufficiency of Plaintiff's Responses to First Requests to Admit, Pursuant to Rule 36** (Doc. 77). By their motion, Defendants seek an Order deeming admitted Plaintiff's responses to request numbers 1, 2, 3, and 4, pursuant to Fed. R. Civ. P. 36(a). In the alternative, Defendants seek an Order directing Plaintiff to amend his responses by providing sufficient answers. Defendants also seek reasonable expenses incurred in bringing their instant motion. Plaintiff has filed a response in opposition (Doc. 78).

Federal Rule of Civil Procedure 36 governs requests for admissions. Rule 36(a) states, in pertinent part:

> A party may serve upon any other party a written request for the admission . . . of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents, described in the request. . . . If objection is made, the reasons therefor shall be stated. The

> answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. . . . The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served.

Fed. R. Civ. P. 36(a). The purpose of this rule is "to expedite the trial and relieve the parties of the cost of proving facts that will not be disputed at trial." Perez v. Miami-Dade County, 297 F.3d 1255, 1264 (11th Cir. 2002) (quoting 8A Charles Alan Wright, et al., Federal Practice and Procedure § 2252 (2d ed. 1994)).

Here, Defendants contend that Plaintiff's responses to requests 1-4 are evasive and insufficient. In their view, Plaintiff either failed to make a reasonable inquiry to respond to the requests or simply refused to respond by qualifying the responses. Defendants contend further that, to the extent documents are needed to answer the requests, Plaintiff has such. Plaintiff responds that Defendants' requests were vague and he responded in the only reasonable manner, i.e., to state that he did not have sufficient knowledge to answer. Plaintiff responds further that he could have provided an adequate response to certain of the requests if Defendants had sought the information based on a date certain. Plaintiff maintains that "there

2

are no documents or other living sources from whom he can obtain the knowledge sufficient to answer" the Defendants' requests.

For ease of reference, the requests for admissions and responses at issue are set forth herein.

> Request to Admit 1:  Admit that at the time Betty J. Herman retained Janet Stuart and GrayRobinson, P.A. (f/k/a Gray Harris and/or Lane Trohn), you were not an executor, administrator, beneficiary, or trustee of the Herman Family Trust.
> Response:  The Plaintiff lacks sufficient information or knowledge to admit or deny this request since it is unknown when Betty J. Herman first retained Janet Stuart and Gray Robinson, P.A.
>
> Request to Admit 2:  Admit that you were not present at all times during the initial client meeting between Betty Herman and her attorney Janet Stuart.
> Response:  The Plaintiff does not have sufficient information or knowledge to admit or deny this request because it is unknown when the "initial client meeting took place."
>
> Request to Admit 3:  Admit that you were not present at all times during each and every person-to-person, attorney-client meeting between Betty J. Herman and her attorney, Janet Stuart, after the initial attorney-client meeting.
> Response:  The Plaintiff does not have sufficient information or knowledge to admit or deny this request because it is unknown when Betty J. Herman met with her attorney when Mr. Littell was not present.
>
> Request to Admit 4:  Admit that you were not a party to each and every telephone conversation between Betty J. Herman and her attorney, Janet Stuart.
> Response:  The Plaintiff does not have sufficient information or knowledge to admit or deny this request because he is unaware of "every telephone conversation between Betty J. Herman and her attorney, Janet M. Stuart.

3

Upon consideration, **Defendants', Janet Stuart and Gray Robinson, P.A., Motion to Determine Sufficiency of Plaintiff's Responses to First Requests to Admit, Pursuant to Rule 36** (Doc. 77) is GRANTED.  As set forth in Rule 36, a party may not respond to requests for admission by claiming lack of information or knowledge as a reason for his failure to admit or deny the request unless he states that he has made reasonable inquiry into the matter and that the information is not known to him or readily obtainable.  Plaintiff's responses fail to comply with that requirement.  Although the Plaintiff urges his compliance in his response to Defendants' instant motion, the rule does not contemplate the explanation after the fact.  Consequently, Plaintiff shall file amended responses to each request within <u>ten (10) days</u> of the date of this Order.  Should Plaintiff fail to do so, the requests shall be deemed admitted.

**Done and Ordered** in Tampa, Florida, this 2nd day of March 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record